# EXHIBIT A

**J. FINE LAW GROUP, P.C.**
BY: JASON E. FINE, ESQUIRE
Attorney ID#: 82452
1628 JFK BLVD, SUITE 2120
Philadelphia, PA 19103
(267) 888-2960
jason@jfinelaw.com

Attorneys for Plaintiff
ROSELLA CARNEY

Filed and Attested by the
Office of Judicial Records
12 SEP 2025 09:54 am
B. BALILONIS

| | |
|---|---|
| ROSELLA CARNEY<br>4452 N. 3rd Street<br>Philadelphia, PA 19140<br><br>vs.<br><br>WAL-MART STORES EAST, LP<br>1000 Easton Road #200<br>Wyncote, PA 19095<br>and<br>WAL-MART SUPERCENTER<br>1000 Easton Road #200<br>Wyncote, PA 19095 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>CIVIL LAW DIVISION<br><br>TERM, 2025<br><br>No:<br><br>MAJOR JURY<br>ASSESSMENT OF DAMAGES<br>HEARING REQUESTED |

## NOTICE TO DEFEND
## 2s – PREMISE LIABILITY–SLIP & FALL

You have been sued in court. If you wish to defend against the Claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing it in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without further notice for any money claimed in the complaint of for any other claim or relief by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF OYU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET NO
LEGAL HELP

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral And Information Service
1101 Market Street, 11th Floor
Philadelphia, PA 19107

Le han damamdado a usted en la corta. SI usted quiere defenderse de estas demandas expuestas en las paginas las sigulenter, ested teina veinte (20) dias de plazo al partir de la fecha de la demanda y las notification. Hace faita asentar una comparencia escitta o an parsona o cun un abogado y entregar a la corte en forma escrita sus defenses o sus objecioues a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la cortra suya sin previo aviso o notification. Ademas, la corte puede decider a favor del demandante y require que usted cumpla con todas las provisones de esta demanda. Usted puede prderdinero o sus propiedades u otros derachos importanted para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENT. SI NO TIENE ABOGADO O SI

TIENE EL DINERO SUFICIENE DE PAGART TAL SERVICO VAYA EN PERSONA O LLAME POR TELEFONE A LA OFICINO CUYA DIRECCION ENCUENTRA ESCRITA ABAJO PARA AVERIGUA DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENCIADOS DE FILAELFIA
Servicio De Referencia E Information Legal
1101 Market Street, 11th Floor
Filadelfia, Pennsylvania 19107

**PREMISE LIABILITY**
**CIVIL ACTION COMPLAINT**

1. Plaintiff, ROSELLA CARNEY, is an adult individual residing at the above captioned address.

2. Defendant, Wal-Mart Stores East, LP is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at 1000 Easton Road #200, Wyncote, PA 19095.

3. Defendant, Wal-Mart Supercenter is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at, 1000 Easton Road #200, Wyncote, PA 19095.

4. Venue is appropriate in Philadelphia County, as Defendants, Wal-Mart Stores East, LP and Wal-Mart Stores, Inc, regularly conducts business in Philadelphia County at various locations throughout the Philadelphia area.

5. Venue is appropriate in Philadelphia County pursuant to Pennsylvania Rule of Civil Procedure 2179 and/or Pennsylvania Rule of Civil Procedure 1006(f)(1).

6. Defendant, Wal-Mart Stores East, LP, is also subject to the general personal jurisdiction of Philadelphia County, as its activities in said county are continuous and substantial pursuant to 42 Pa.C.S.A. 5301, as they have multiple stores/markers within Philadelphia County where Defendant, Wal-Mart Stores East, LP, actively and regularly conducts business in Philadelphia County, Pennsylvania.

7. Defendant, Wal-Mart Supercenter is also subject to the general personal jurisdiction of Philadelphia County, as its activities in said county are continuous and substantial

pursuant to 42 Pa.C.S.A. 5301, as they have multiple stores/markers within Philadelphia County where Defendant, Wal-Mart Supercenter, actively and regularly conducts business in Philadelphia County, Pennsylvania.

8. At all times relevant and material to this complaint, Defendant, Wal-Mart East, LP, and/or its agencies, and the employees, agents, servants, managers and/or representatives of said defendant and/or its agencies, were the agents, servants, workmen, employees and/or representatives of each other and were acting within the course and scope of said employment and/or agency, and/or were acting for a common purpose or a joint venture.

9. At all times relevant and material to this complaint, Defendant, Wal-Mart Supercenter and/or its agencies, and the employees, agents, servants, managers and/or representatives of said defendant and/or its agencies, were the agents, servants, workmen, employees and/or representatives of each other and were acting within the course and scope of said employment and/or agency, and/or were acting for a common purpose or a joint venture.

10. At all times material and relevant to this complaint, said defendants owned, operated, leased, managed, controlled and/or had dominion over the premises known as Wal-Mart Supercenter located on 1000 Easton Road #200, Wyncote, PA 19095.

11. At all times material and relevant to this complaint, said defendants did act through its agents, employees, owners, representative, agents and/or employees while in the course and scope of their employment and/or agency.

12. On or about November 23, 2023, during store hours about 9:00 a.m., Plaintiff, ROSELLA CARNEY, was lawfully upon the Defendant's premises, inside the store, when she was picking up a large table and multiple tables fell on to Plaintiff causing her to suffer serious, painful, permanent and grievous injuries.

13. At all times relevant hereto, all defendants, individually, jointly or severally,

owed a duty to maintain, correct, inspect and otherwise be responsible for the aforesaid premises, and especially merchandise on display, to provide a safe and hazard-free environment and otherwise be responsible for the care, custody and/or control of the real property so that same would be safe for use by invitees, independent contractors, guests, licensees and/or members of the public, including Plaintiff, ROSELLA CARNEY.

14. Defendants, individually, jointly or severally, knew and/or should have known of the said dangerous conditions, and therefore defective conditions, and the likelihood that same would cause injuries to invitees, guests, independent contractors, licensees and/or members of the public lawfully on the aforesaid premises in the absence of adequate safety measures.

15. At all times material hereto, the area upon which Plaintiff, ROSELLA CARNEY, was inside defendant's premises and under their exclusive care, custody and control.

16. The circumstances under which Plaintiff, ROSELLA CARNEY, was injured was such that said injuries could not have occurred on said premises except by defendants' negligence, individually, jointly or severally.

17. The aforesaid accident resulted solely from the negligence and carelessness of defendants, individually, jointly or severally, and in no manner whatsoever to any act or failure to act on the part of Plaintiff, ROSELLA CARNEY.

**COUNT I**
**ROSELLA CARNEY v. WAL-MART STORES EAST, LP**
**NEGLIGENCE**

18. Plaintiff, ROSELLA CARNEY, hereby incorporates paragraphs one-seventeen (1-17) as if same were set forth at length herein.

19. The aforesaid accident was caused by the negligence and carelessness of Defendant, acting as aforesaid, which negligence and/or carelessness consisted, inter alia, of the following:

(a) failing to inspect, correct or have corrected, repair or protect from defective and/or hazard conditions existing in the area used by invitees, independent contractors, licensees, guest and or member of the public on the premises;

(b) allowing a defective condition to exist which Defendant knew or should have known created a dangerous condition and hazard to invitees, independent contractors, licensees, guests and/or members of the public;

(c) failure to properly and adequately maintain the premises, in particular, the aforementioned table set, Rosella Carney, was caused to be injured;

(d) failure to warn invites, independent contractors, licensees, guest and/or the general public of the dangerous, hazardous and unsafe conditions on said premises;

(e) failure to take reasonable precautions against the dangerous, hazardous and unsafe conditions on said premises;

(f) failure to safely and correctly put items together that they then placed on the sales floor and/or reduce the chance of injuries to such persons resulting from the defective or dangerous condition of the items they place on the sales floor;

(g) failure to provide safe conditions for invitees, independent contractors, guests, licensees and/or members of the general public on the premises;

(h) failure to act with due care and regard for the position and safety of others, in particular, plaintiff, Rosella Carney;

(i) failure to provide and maintain proper safety precautions around said premises to avoid injuries to others; and

(j) failure to secure said table set so that table stack would not collapse.

20. As the direct and proximate result of Defendant's negligence, Plaintiff sustained severe and multiple injuries, both internal and external, to and about her body, and extremities and/or the aggravation of pre-existing conditions thereto, if any, with injury to her bones, joints, nerves and nervous system, including, but not limited to: lumbar herniation, meniscal tear, muscle spasms, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to her entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and

substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform her daily life activities, and the full extent of which is not yet known.

21. As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and she will continue to suffer same for an indefinite period of time in the future.

22. As a further result of the said accident, Plaintiff has and will probably in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries she has suffered.

23. As a further result of the said accident, Plaintiff has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries she sustained in this accident.

24. As a further result of the said accident, Plaintiff has been unable to attend to her daily chores, duties, and occupations, and she will be unable to do so for an indefinite time in the future, all to her great financial detriment and loss.

25. As a further result of the said accident, Plaintiff has and will suffer severe loss of her earnings and/or impairment of her earning capacity.

WHEREFORE, Plaintiff, ROSELLA CARNEY, demands judgment in her favor and against Defendant WAL-MART STORES EAST, L.P. individually, jointly or severally, for compensatory damages in excess of fifty-thousand dollars ($50,000.00) together with interest and costs of suit.

**COUNT II**
**ROSELLA CARNEY v. WAL-MART SUPERCENTER**
**NEGLIGENCE**

26. Plaintiff, ROSELLA CARNEY incorporates herein by reference paragraphs one

through twenty-five (1-25), inclusive, as though same were set forth at length.

27. The aforesaid accident was caused by the negligence and carelessness of Defendant, acting as aforesaid, which negligence and/or carelessness consisted, inter alia, of the following:

(a) failing to inspect, correct or have corrected, repair or protect from defective and/or hazard conditions existing in the area used by invitees, independent contractors, licensees, guest and or member of the public on the premises;

(b) allowing a defective condition to exist which Defendant knew or should have known created a dangerous condition and hazard to invitees, independent contractors, licensees, guests and/or members of the public;

(c) failure to properly and adequately maintain the premises, in particular, the aforementioned table set, Rosella Carney, was caused to be injured;

(d) failure to warn invites, independent contractors, licensees, guest and/or the general public of the dangerous, hazardous and unsafe conditions on said premises;

(e) failure to take reasonable precautions against the dangerous, hazardous and unsafe conditions on said premises;

(f) failure to safely and correctly put items together that they then placed on the sales floor and/or reduce the chance of injuries to such persons resulting from the defective or dangerous condition of the items they place on the sales floor;

(g) failure to provide safe conditions for invitees, independent contractors, guests, licensees and/or members of the general public on the premises;

(h) failure to act with due care and regard for the position and safety of others, in particular, plaintiff, Rosella Carney;

(ii) failure to provide and maintain proper safety precautions around said premises to avoid injuries to others; and

(j) failure to secure said table set so that table stack would not collapse.

28. As the direct and proximate result of Defendant's negligence, Plaintiff sustained severe and multiple injuries, both internal and external, to and about her body, and extremities and/or the aggravation of pre-existing conditions thereto, if any, with injury to her bones, joints,

nerves and nervous system, including, but not limited to: lumbar herniations, meniscal tear, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to her entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform her daily life activities, and the full extent of which is not yet known.

29. As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and she will continue to suffer same for an indefinite period of time in the future.

30. As a further result of the said accident, Plaintiff has and will probably in the future be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries she has suffered.

31. As a further result of the said accident, Plaintiff has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries she sustained in this accident.

32. As a further result of the said accident, Plaintiff has been unable to attend to her daily chores, duties, and occupations, and he will be unable to do so for an indefinite time in the future, all to her great financial detriment and loss.

33. As a further result of the said accident, Plaintiff has and will suffer severe loss of her earnings and/or impairment of her earning capacity.

WHEREFORE, Plaintiff, ROSELLA CARNEY, demands judgment in her favor and against Defendant WAL-MART SUPERCENTER individually, jointly or severally, for compensatory damages in excess of fifty-thousand dollars ($50,000.00) together with interest

and costs of suit.

J. FINE LAW GROUP, P.C.

BY: __________/s______________________________
JASON E. FINE, ESQUIRE
Attorney for Plaintiff,
ROSELLA CARNEY

**VERIFICATION**

I, Rosella Carney , having read the attached Complaint, verifies that the within pleadings are based on information furnished to counsel, and which information has been gathered by counsel in the course of investigating this claim. The language of the Complaint is that of counsel and not of mine. I verify that I have read the within Complaint and that it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the pleading are that of counsel, I have relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa. C.S.A. § 4904

Signature